**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PASKENTA BAND OF NOMLAKI INDIANS; PASKENTA ENTERPRISES CORPORATION, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ASSOCIATED PENSION CONSULTANTS, INC., <br><br> Defendant-Appellee. | No.  17-15483 <br><br> D.C. No. 2:15-cv-00538-MCE-CMK <br><br><br> MEMORANDUM[*] |
| PASKENTA BAND OF NOMLAKI INDIANS; PASKENTA ENTERPRISES CORPORATION, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GARTH MOORE INSURANCE AND FINANCIAL SERVICES, INC.; GARTH MOORE, <br><br> Defendants-Appellees. | No.  17-15485 <br><br> D.C. No. 2:15-cv-00538-MCE-CMK |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted January 26, 2021
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

These consolidated appeals arise from the district court's Rule 12(b)(6) dismissal of the complaint filed by Plaintiffs-Appellants Paskenta Band of Nomlaki Indians and Paskenta Enterprises Corporation (collectively, Paskenta) against Defendant-Appellee Associated Pension Consultants, Inc. (APC), and a Rule 12(c) judgment on the pleadings in favor Defendants-Appellees Garth Moore and Garth Moore Insurance and Financial (collectively, Moore). We have jurisdiction under 28 U.S.C. § 1291, and review both decisions *de novo*. *See Northstar Fin. Advisors, Inc. v. Schwab Investments*, 904 F.3d 821, 828 (9th Cir. 2018). Because the district court did not err, we affirm.

## 1. **Professional Negligence Claims**

Paskenta contends that APC, a pension consultant, breached its duty of care by designing and managing Paskenta's retirement plan in a manner that permitted certain Paskenta employees, who had been appointed as trustees of the plan, to steal millions of dollars from the plan. The allegations against Moore are similar, except Moore is a financial advisor and Paskenta alleges that he "came up with the idea for the Tribal Retirement Plans." The allegations do not support viable

negligence claims. *See In re Daisy Sys. Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996) (enumerating elements for a claim of professional negligence). Paskenta did not allege that the pension plan was improperly designed, and effectively concedes that APC and Moore were following the directions of Paskenta's employees who were authorized to act on Paskenta's behalf. Paskenta's conclusory allegation that APC and Moore knew that Paskenta's employees were using the retirement plans to perpetrate a fraud is not supported by any well-pleaded facts. *See Chavez v. United States*, 683 F.3d 1102, 1108-10 (9th Cir. 2012) (discounting "the plaintiffs' wholly conclusory allegation that . . . defendants personally reviewed and, thus, knowingly ordered, directed, sanctioned or permitted" misconduct).

## 2. Aiding and Abetting Claims

Paskenta's complaint did not plausibly allege facts sufficient to state a claim for aiding and abetting. When Paskenta's conclusory allegations of knowledge are properly discounted, Paskenta failed to allege any facts supporting the inference that APC or Moore had actual knowledge of the asserted fraud committed by Paskenta's appointed trustees. *See IIG Wireless, Inc. v. Yi*, 22 Cal. App. 5th 630, 654 (2018) (holding that an "aiding and abetting [claim] depends on proof the defendant had *actual knowledge of the specific primary wrong* the defendant substantially assisted") (emphasis added).

### 3.  **Breach of Fiduciary Duty Claims**

Paskenta's first amended complaint did not plausibly allege facts sufficient to state a claim for breach of fiduciary duty against APC.[1]   Importantly, the agreement between APC and Paskenta expressly disclaimed any fiduciary duties. *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc*., 181 P.3d 142, 152 (Cal. 2008) (explaining that "enter[ing] into a contract for the very purpose of obtaining the . . . expertise of the other party . . . would not necessarily create fiduciary obligations"); *see also Brown v. Cal. Pension Adm'rs & Consultants, Inc.,* 45 Cal. App. 4th 333, 348 (1996) (affirming dismissal of claim alleging breach of fiduciary duty against pension administrator because "the relationship was confined to respondents' performance of transactions selected by their customers").

### 4.  **Restitution Claim**

Paskenta's third amended complaint merely alleged the bare elements of a claim for restitution against Moore, and therefore failed to assert a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Specifically, Paskenta failed to sufficiently allege facts giving rise to a plausible inference of

---

[1]  Paskenta's fiduciary duty claim against Moore is waived because that claim in the first amended complaint was not dismissed by the district court and Paskenta did not re-plead that claim when filing subsequent amended complaints. *See First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017).

wrongdoing on the part of Moore, as is necessary for a claim of restitution. *See*

*Ghirardo v. Antonioli*, 924 P.2d 996, 1003 (Cal. 1996).[2]

**AFFIRMED.**

---

[2] Because Paskenta's claims for relief against APC and Moore lacked merit, the district court properly rejected any claim for punitive damages. *See Medical Lab'y Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 826 (9th Cir. 2002) (holding that when the "claims that Plaintiffs raise on appeal lack merit, Plaintiffs are entitled to neither actual nor punitive damages").